| | | |
|---|---|---|
| **LISA LEFLORE** | * | **NO. 2021-C-0727** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **VALERO REFINING** | * | |
| **MERAUX, LLC** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0472, DIVISION "E"
Honorable Eric A. Bopp
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)


**ON REMAND FROM THE LOUISIANA SUPREME COURT**

Raymond P. Ward
Roland M. Vandenweghe, Jr.,
Taylor E. Brett
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139-4596

Jacque R. Touzet
900 Camp Street, Floor 3
New Orleans, LA 70130

        COUNSEL FOR RELATOR


Lance V. Licciardi
LICCIARDI LAW OFFICE, L.L.C.
1019 W. Judge Perez Dr.
Chalmette, LA 70043

Michael C. Ginart, Jr.
2114 Paris Rd.
Chalmette, LA 70043

David C. Jarrell
9101 W. St. Bernard Hwy.
Chalmette, LA 70043

COUNSEL FOR RESPONDENT

**WRIT GRANTED; NOVEMBER 8, 2021 JUDGMENT REVERSED; AND JUDGMENT RENDERED**
**April 18, 2023**

This writ application is before us on remand from the Louisiana Supreme Court for reconsideration in light of its opinion in *Spencer v. Valero Ref. Meraux, L.L.C.*, 22-00469, 22-00539, 22-00730 (La. 1/27/23), 356 So.3d 936 ("*Spencer*"). For the following reasons, we grant the writ, reverse the trial court's November 8, 2021 judgment, and render judgment dismissing the case.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the same incident as in *Spencer*—an accident, fire, and explosion in the hydrocracker unit at an oil refinery in Meraux, Louisiana that occurred on April 10, 2020, at 12:46 a.m. (the "Explosion"). This case—like the *Spencer* cases[1]—is a negligence action for emotional distress damages without physical damages or injury.

In July 2020, Respondent-Plaintiff—Lisa Leflore—filed this damage suit against the owner and operator of the oil refinery—Valero Refining Meraux, LLC

---

[1] Although the Supreme Court in *Spencer* had before it a trio of consolidated cases, one of those cases had two plaintiffs (Brittany Spencer and her minor child, Chloe LaFrance). Thus, *Spencer* involved the claims of four plaintiffs—Brittany Spencer, Chloe LaFrance, Kevreion Raines, and Rosemary Gagliano (collectively the "*Spencer* Plaintiffs"). As discussed elsewhere in this opinion, Lisa Leflore lived in the same residence as one of the *Spencer* Plaintiffs, Ms. Raines.

1

("Valero")—in the justice of the peace court. In her petition, she averred that she suffered emotional damages as a result of the Explosion at Valero's refinery, which is located in the vicinity of her residence. Following a trial on the merits, the justice of the peace court rendered a judgment in Valero's favor, dismissing Lisa Leflore's claims with prejudice. Thereafter, she filed a petition for appeal in the trial court, seeking a trial *de novo* pursuant to La. C.C.P. art. 4924.[2]

Following the trial *de novo*, the trial court, in its November 8, 2021 judgment, reversed the justice of the peace and awarded Lisa Leflore a lump sum of $2,500 "inclusive of both general damages and *Lejeune* [bystander] damages."[3] The bystander damages award was for Lisa Leflore's witnessing the reaction of her disabled sister, Rosalind Leflore, to the Explosion. Seeking review of the trial court's November 8, 2021 judgment, Valero filed a writ application in this court.

In March 2022, this court denied Valero's writ in part as to the general damages award but granted its writ in part as to the bystander damages award. *LeFlore v. Valero Ref. Meraux, LLC*, 21-0727 (La. App. 4 Cir. 3/10/22) (*unpub.*). In our writ disposition, we divided our analysis into two parts. As to the general damage award, we observed:

> At the time of the April 10, 2020 explosion at Valero's refinery, Respondent was at her house, which was located a few blocks away

---

[2] La. C.C.P. art. 4924(A) provides that an "[a]ppeal from a judgment rendered by a justice of the peace court or a clerk of court shall be taken to the parish court or, if there is no parish court, to the district court of the parish in which the justice of the peace court is situated."

[3] Bystander damages can be explained as follow: "[t]o certain claimants in certain circumstances Louisiana now permits recovery for mental pain and anguish suffered as a result of physical injury to a third person. See La. C.C. art. 2315.6 and *Lejeune v. Rayne Branch Hosp.*, 556 So.2d 559 (La. 1990)." *Dumas v. Angus Chem. Co.*, 31,400, pp. 6-7 (La. App. 2 Cir. 1/11/99), 728 So.2d 441, 447.

from the refinery. The explosion shook her house with sufficient force to cause some damage to the floor and ceiling. The explosion resulted in flames shooting fifty feet into the air. Based on her proximity to the explosion, Respondent expressed concerns about the impacts on her family's health from a possible chemical release from the explosion.

Given the particular facts presented here, we find there was a special likelihood of genuine and serious mental distress arising from the April 10, 2020 explosion that serves as a guarantee that Respondent's emotional distress claim is not spurious. Accordingly, Relator's writ is denied insofar as it seeks review of the trial court's general damages award for Respondent's emotional distress.

*LeFlore v. Valero Ref. Meraux, LLC*, 21-0727 (La. App. 4 Cir. 3/10/22) (*unpub*.).

As to the bystander damages award, we observed:

The trial court's award of bystander damages to Respondent was based on the emotional distress Respondent experienced from witnessing her sister, Rosalin Leflore, go into respiratory distress as a result of the explosion. At the time of the explosion, Respondent was caring for her sister at her house; her sister suffered from ALS and was dependent on an endotracheal tube and a ventilator to breathe.

Here, the direct victim—Respondent's sister—did not sustain a traumatic injury from which it can reasonably be expected that the plaintiff—Respondent—would suffer serious mental anguish from the experience. In arguing to the contrary, Respondent contends that following the explosion, her sister panicked and began to asphyxiate. [Asphyxiate is defined as "to cause or undergo unconsciousness or death from lack of oxygen." The American Heritage Dictionary of the English Language, 42 (1976).] But, a review of the record does not support the argument that her sister asphyxiated. At no time did Respondent believe that her sister's condition required use of the ambu bag—an alternative oxygen supply that was available in the house—or call 911 for an ambulance. Indeed, the trial court, in its written reasons, observed only that Respondent's sister, Rosalind Leflore, went into distress following the explosion. While Rosalind Leflore's distress following the explosion may have been genuine, it did not result in a traumatic injury. The second element [of La. C.C. art. 2315.6—the requirement that the injured person (direct victim) suffer a particular magnitude of harm] is absent here.

*LeFlore v. Valero Ref. Meraux, LLC*, 21-0727 (La. App. 4 Cir. 3/10/22) (*unpub*.).

Because we reversed the bystander damages award, we remanded for the trial court

to determine the amount of general damages. *Id.* Valero then sought writs in the Supreme Court.[4]

In April 2023, the Supreme Court granted Valero's writ. *LeFlore v. Valero Ref. Meraux, LLC*, 22-00602 (La. 4/4/23), ___ So.3d ___, 2023 WL 276947. In its *per curiam*, the Supreme Court instructed as follows: "[t]he case is remanded to the court of appeal for reconsideration in light of this court's opinion in [*Spencer*]." *LeFlore*, 22-00602, p. 1, ___ So.3d at ___, 2023 WL 276947, *1.

## DISCUSSION

Valero seeks review of a trial court's judgment issued following a trial *de novo* conducted pursuant to La. C.C.P. art. 4924(B).[5] The applicable standard of review is the same as in civil cases in general—the manifest error or clearly wrong standard. *Spencer*, 22-00469, 22-00539, 22-00730, p. 8, 356 So.3d at 945 (citing *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98; *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989)).

---

[4] Valero's writ to the Supreme Court did not encompass this court's partial grant of its writ, reversing the trial court's award of bystander damages. Nothing in *Spencer* dictates that we revisit our determination that the trial court's award of bystander damages to Lisa Leflore was erroneous. To the contrary, the Supreme Court in *Spencer* noted that "the present claims do not assert 'bystander damages.'" *Spencer*, 22-00469, 22-00539, 22-00730, p. 17, n. 21, 356 So.3d at 950. Moreover, the Supreme Court in *Spencer* did not separately address this component of the trial court's lump sum award of damages to one of the *Spencer* Plaintiffs, Ms. Raines. We, likewise, decline on remand to separately address this component of Lisa Leflore's damage award. Moreover, neither Lisa Leflore nor Ms. Raines prayed for bystander damages in their petitions.

[5] La. C.C.P. art. 4924(B) provides that "[t]he case is tried de novo on appeal. However, a trial de novo, in the district court from the justice of the peace court, is not subject to the jurisdictional limit of the justice of the peace court." La. C.C.P. art. 4924(C) provides that "[n]o further appeal from the judgment of the parish or district court is allowed." La. C.C.P. art. 2924(D) provides that "[s]upervisory jurisdiction of the proceedings in the parish or district court may be exercised by the court of appeal which otherwise would have had appellate jurisdiction."

In its writ to this court,[6] Valero contended that the trial court erred in awarding damages to Lisa Leflore for emotional distress absent physical injury or property damage and that Lisa Leflore's emotional distress was not severe. Although Valero advanced numerous arguments in its writ regarding what the legal standard should be for awarding emotional distress damages without physical injury, the Supreme Court handed down its opinion in *Spencer* after Valero filed this writ. In *Spencer*, the Supreme Court addressed the same arguments Valero made in this writ regarding the legal standard and definitively decided this issue. Indeed, the Supreme Court remanded with instructions that we reconsider this writ in light of *Spencer*. To provide a framework for reconsidering our prior writ denial, we first summarize *Spencer*.

*Spencer* Summarized

*Spencer* involved three separate suits arising out of the Explosion. In each of those suits, the plaintiffs were granted emotional distress damages absent physical damage or injury. The Supreme Court granted writs in the trio of cases and consolidated those writs to decide a common issue: whether the lower courts erred in awarding the *Spencer* Plaintiffs negligent infliction of emotional distress damages absent physical damage or injury.

At the outset, the Supreme Court rejected Valero's arguments regarding the governing legal standard and refused to reformulate its jurisprudence. *Spencer*, 22-00469, 22-00539, 22-00730, p. 9, 356 So.3d at 945. Instead, the Supreme Court

_____

[6] On remand, neither the Supreme Court nor this court ordered additional briefing. Nor did the parties provide additional briefs.

adopted a fact-specific standard. In so doing, it focused on what is not required to prevail on a negligent infliction of emotional distress claim. According to the Supreme Court, the following factors are not required:

- The existence of a special, direct duty owed by the defendant;

- Outrageous conduct by the defendant;

- Application of the *Lejeune* standard for bystander damages codified in La. C.C. art. 2315.6, including the requirement that the plaintiff's emotional distress be reasonably foreseeable or severe and debilitating;[7] and

- Evidence of medical treatment or expert medical testimony.

*Spencer*, 22-00469, 22-00539, 22-00730, pp. 16-17, 356 So.3d at 950. The fact an award may be *de minimus*, the Supreme Court observed, likewise does not preclude recovery. *Spencer*, 22-00469, 22-00539, 22-00730, p. 17, n. 22, 356 So.3d at 950. Finally, the Supreme Court observed that "no one fact, or lack thereof, necessarily entitles a plaintiff to a recovery, nor does it preclude recovery." *Spencer*, 22-00469, 22-00539, 22-00730, p. 15, 356 So.3d at 949.

Fashioning the fact-specific standard, the Supreme Court observed that this type of claim, at its core, is a negligence claim governed by La. C.C. art. 2315(A).[8] Continuing, the Supreme Court concluded that to recover on this type of claim, a plaintiff must prove not only the traditional duty-risk factors, but also the following additional requirements:

---

[7] Bystander damages can be explained as follows: "[t]o certain claimants in certain circumstances Louisiana now permits recovery for mental pain and anguish suffered as a result of physical injury to a third person. *See* La. C.C. art. 2315.6 and *Lejeune v. Rayne Branch Hosp.,* 556 So.2d 559 (La. 1990)." *Dumas v. Angus Chem. Co.*, 31,400, pp. 6-7 (La. App. 2 Cir. 1/11/99), 728 So.2d 441, 447.

[8] La. C.C. art. 2315(A) provides that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it."

> [A] plaintiff additionally must prove "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Moresi* [*v. State Through Dep't of Wildlife & Fisheries*,] 567 So.2d [1081,] 1096 [(La.1990)]. This rule must be "stringently applied" in cases that are inherently speculative in nature. *Bonnette* [v. Conoco, Inc., 2001-2767, p. 24 (La. 1/28/03),] 837 So.2d [1219,] 1235. . . . The plaintiff's mental disturbance must be "serious." *Moresi*, 567 So.2d at 1096. Evidence of generalized fear or evidence of mere inconvenience is insufficient. . . . [A] plaintiff bears the burden of presenting sufficient evidence of the nature and extent of the mental anguish suffered that was caused by the defendant's conduct. Whether the mental distress is "serious" is a matter of proof.

*Spencer*, 22-00469, 22-00539, 22-00730, p. 16, 356 So.3d at 950. The Supreme Court added that "given the nature of such claims, a trier of fact must be heedful of the goal of preventing spurious claims, and that not every occasion that causes some harm yields concomitant liability and compensatory damages." *Spencer*, 22-00469, 22-00539, 22-00730, p. 15, 356 So.3d at 949.

Turning to the unique facts of the consolidated cases before it, the Supreme Court observed that the *Spencer* Plaintiffs shared the following facts:

> These claims arose from an explosion that caused no substantial chemical release. There was no evacuation order or shelter-in-place issued. None of the Plaintiffs experienced any physical symptoms, nor received any medical treatment. Damages are sought for general fear and anxiety resulting from the explosion. Finally, none of the Plaintiffs seek "bystander damages."

*Spencer*, 22-00469, p. 11, 356 So.3d at 946-47. Applying the fact-specific standard, the Supreme Court found that the *Spencer* Plaintiffs proved all of the requirements except for establishing "serious" mental distress. In so finding, the Supreme Court observed:

> Valero owed a duty to protect those in the surrounding community. . . . Plaintiffs fall within the broad class of plaintiffs to whom a duty is owed. In this case, Valero breached the duty it owed, which was a cause-in-fact of Plaintiffs' generalized fear and anxiety.

7

> [But,] . . . the element of damages within the parameters of claims for negligent infliction of emotional distress absent physical damage/injury were not proven. Stringently applying the rule of *Moresi*, 567 So.2d at 1096, Plaintiffs failed to prove "the "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." No Plaintiff has put forth sufficient evidence that the mental disturbance suffered was "serious." *Moresi*, 567 So.2d at 1096. Viewing the record in its entirety, we find that a reasonable factual basis does not exist to support the awards for negligent infliction of emotional distress; thus, we find the lower courts manifestly erred.

*Spencer*, 22-00469, 22-00539, 22-00730, pp. 17-18, 356 So.3d at 951.[9]

Summarizing, the Supreme Court acknowledged that the facts regarding each of the *Spencer* Plaintiffs were different and commented that "some approach the brink of that Plaintiff having made the requisite showing." *Spencer*, 22-00469, 22-00539, 22-00730, p. 20, 356 So.3d at 952. But, the Supreme Court found that none of the *Spencer* Plaintiffs satisfied the burden of proving that the mental disturbance that Plaintiff suffered was "serious." *Id.*

*Lisa Leflore's Case*

As noted at the outset, Lisa Leflore's case arises out of the same Explosion that formed the basis for the *Spencer* cases. Indeed, one of the four *Spencer* Plaintiffs—Ms. Raines—was a resident of the same household as Lisa Leflore. At

---

[9] Lastly, the Supreme Court addressed the *Spencer* Plaintiffs' codal nuisance claim, observing:

> A landowner's right of ownership does "require that he tolerate some inconvenience from the lawful use of a neighbor's land." Based upon the facts of the cases before us, Plaintiffs have failed to prove that Valero "interfered substantially" with their enjoyment of their property. Proof of mere inconvenience is insufficient, and the codal doctrine of nuisance may not be used as a grounds to provide remedies for claims which would otherwise fail under the guidelines set forth herein relative to negligent infliction of emotional distress absent physical damage/injury. Additionally, in order to recover, a plaintiff asserting claims under La. Civ. Code arts. 667-669 must prove damages.... Plaintiffs have failed to meet their burden of proving damages.

*Spencer*, 22-00469, 22-00539, 22-00730, p. 20, 356 So.3d at 952.

the time of the Explosion, Lisa Leflore and Ms. Raines were engaging in the same activity—taking care of Rosalind Leflore. We summarized Ms. Raines' situation in our prior writ disposition, which is quoted elsewhere in this writ opinion. Summarizing Ms. Raines situation, the Supreme Court in *Spencer* observed:

> When the explosion occurred, Plaintiff, Kevreion Raines, was at her home helping her aunts, Robin Leflore and Lisa Leflore, change the trach tube for her mother, Rosalind Leflore, a ventilator-dependent ALS patient. The explosion sounded "like a bomb" to her. She felt "the vibration," and the house shook. The lights began to flicker, and the alarms of Ms. Rosalind's ventilator went off. Ms. Rosalind became distressed. Ms. Raines and her aunts attempted to settle her down and finish the trach care. When Ms. Raines went outside, she saw "big gray clouds of smoke[,]" which was "very scary[.]" She did not notice any unusual odors or smoke in the house, nor in the area around the home. Ms. Raines remained at her mother's bedside until later that morning.
>
> At first, Ms. Raines had trouble sleeping, but she returned to her normal sleep schedule a couple of days after the explosion. Ms. Raines continued to feel uncomfortable living in the house out of fear it may happen again. She was of the belief that the explosion caused cracks in the ceiling and "little small cracks within the floors" of the home. At the time of trial, Ms. Raines felt fear in the back of her mind and remained uncertain about what was in the air and if it was safe.

*Spencer*, 22-00469, 22-00539, 22-00730, pp. 5-6, 356 So.3d at 943.

Lisa Leflore's circumstances cannot be distinguished from Ms. Raines' circumstances. Every fact on which a finding that Lisa Leflore would be entitled to emotional distress damages is shared by Ms. Raines. Lisa Leflore—like Ms. Raines, a *Spencer* plaintiff—experienced no physical symptoms, received no medical treatment, and seeks damages for general fear and anxiety stemming from the Explosion. Lisa Leflore—like Ms. Raines—failed to establish facts, alone or taken together, sufficient to meet her burden of proving "serious" mental distress.[10]

_____

[10] In so finding, we note the lack of a definition of the term "serious" in *Spencer*. *See Spencer*, 22-00469, 22-00539, 22-00730, 356 So.3d at 958 (Crain, J., concurring) (observing that "[t]he

Accordingly, the Supreme Court's holding in *Spencer* is dispositive and dictates that we reverse the trial court's damages award to Lisa Leflore.

## DECREE

For the foregoing reasons, we grant Valero's writ application, reverse the trial court's November 8, 2021 judgment awarding damages to Lisa Leflore, and render judgment dismissing this case.

**WRIT GRANTED; NOVEMBER 8, 2021 JUDGMENT REVERSED; AND JUDGMENT RENDERED**

---

problem with the majority's approach is that "serious" is not defined; rather, it is left to be defined in an ad hoc manner").